990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard ZUMBO, dba A & A Loan, Plaintiff-Appellant,
v.
CITY OF BERKELEY; Manuela Albuquerque, in her capacity as
City Attorney for the City of Berkeley; Ronald Nelson,
individually and in his capacity as Chief of Police of the
City of Berkeley, Defendants-Appellees.
 No. 91-15434.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1992.
Submission Withdrawn Dec. 9, 1992.
Resubmitted March 30, 1993.
Decided April 12, 1993.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Zumbo alleges that the City of Berkeley and the named individual defendants violated his civil rights under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by seizing a bracelet from his pawnshop without a warrant and turning it over to a person who reported that the bracelet was stolen from him. The parties filed cross motions for summary judgment. The district judge denied Zumbo's motion and granted summary judgment for all defendants.
 
 
 3
 The issues raised on appeal are controlled by G & G Jewelry, Inc. v. City of Oakland, No. 90-15771, slip op. 2971 (9th Cir. March 31, 1993). In accordance with that opinion, a plain view seizure of the bracelet for criminal investigatory purposes would not violate Zumbo's civil rights, provided the police officer was permitted to be in a position where he could see the bracelet. However, a seizure purely for the purpose of returning the bracelet to the person reporting it stolen would violate Zumbo's possessory interest. There is a genuine issue of material fact as to whether the seizure was for purposes of a criminal investigation or merely to return the property to Tom Sorce, the person who reported it stolen. The document presented to Zumbo entitled "Notice of Intent to Release Property" did not specify a criminal investigatory purpose; it indicated that the purpose was to deliver the property to Tom Sorce.
 
 
 4
 Furthermore, the affidavit of Sergeant Agnew stated that the bracelet was, in fact, released to Tom Sorce rather than being returned to Zumbo after any need for investigatory purposes had ended. This release violated Zumbo's possessory interest in the property. See G & G Jewelry, Inc.
 
 
 5
 We REVERSE and REMAND to the district court for further proceedings in accordance with this memorandum disposition and the G & G Jewelry, Inc. opinion.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3